**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:14 CR 342** |
| | ) | |
| **Plaintiff/Respondent,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Curtis Debose,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant/Petitioner.** | ) | |

**Introduction**

This matter is before the Court defendant's Motion to Vacate Under Section 2255 (Doc. 22).  For the following reasons, the motion is DENIED.

**Facts**

Following a plea of guilty in connection with drug charges, this Court sentenced defendant on February 13, 2015 to 78 months imprisonment followed by three years of supervised release.  Defendant did not file a direct appeal.

The motion asserts four grounds.  Ground One asserts lack of jurisdiction under various provisions of the Constitution.  Ground Two alleges a violation of the Tenth

1

Amendment.  Ground Three alleges a violation of due process under the Fifth and Fourteenth Amendments.  Ground Four alleges ineffective assistance of counsel.

The matter is now before the Court upon defendant's Motion to Vacate Under Section 2255.

### Standard of Review

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

### Discussion

Plaintiff argues that Grounds One through Three have been waived by defendants' Plea Agreement.  This Court agrees.  Defendant voluntarily entered into the Plea Agreement which provides in part:

> 19. Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a

2

post-conviction proceeding, including a proceeding under 28 U.S.C. §
2255. Defendant expressly and voluntarily waives those rights, except as
specifically reserved below. Defendant reserves the right to appeal: (a)
any punishment in excess of the statutory maximum; (b) any sentence to
the extent it exceeds the maximum of the sentencing range determined
under the advisory Sentencing Guidelines in accordance with the
sentencing stipulations and computations in this agreement, using the
Criminal History Category found applicable by the Court; and
(c) determination of Career Offender Status or Criminal History Category.
Nothing in this paragraph shall act as a bar to Defendant perfecting any
legal remedies Defendant may otherwise have on appeal or collateral
attack with respect to claims of ineffective assistance of counsel or
prosecutorial misconduct.

(Doc. 13).  Grounds One through Three are constitutional claims which do not challenge

whether defendant's sentence was in excess of the statutory minimum, whether defendant's

sentence exceeded the maximum of the sentencing range determined under the advisory

Sentencing Guidelines, or the determination of defendant's Career Offender Status or

Criminal History Category.  Therefore, defendant waived these claims.

Ground Four alleges ineffective assistance of counsel on the basis that defendant

asked his counsel to inform the Court that defendant was being held on a state court case and

should not have been in federal court.  Counsel lied to defendant and indicated that she did

not have to tell the Court because the Court had jurisdiction.

To establish a claim of ineffective assistance of counsel, a defendant must show that

counsel's performance was deficient and that counsel's deficient performance prejudiced the

defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). "In order to succeed on

an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must

demonstrate that counsel's performance was deficient and that the deficient performance

prejudiced his defense such that there is a reasonable probability that, but for counsel's errors,

3

he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Ferguson*, 669 F.3d 756 (6th Cir. 2012) (citing *Strickland, supra* and *Hill v. Lockhart*, 474 U.S. 52, 59, (1985) ).

Defendant has not demonstrated that his counsel's performance fell below the required standard of objective reasonableness.  In fact, the Court did have jurisdiction over defendant's drug case where a federal law was involved and defendant's acts occurred within the Northern District of Ohio, Eastern Division.  There is no basis to find that defendant's counsel was ineffective.  Therefore, Ground Four fails.

**<u>Conclusion</u>**

For the foregoing reasons, defendant's Motion to Vacate Under Section 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. §  1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/20/15